## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE ALBERTO CLAROS )
9710 Dalmatia Ct )
Clinton, MD 20735 )
On behalf of himself and all others )
similarly situated )
)
NELSON MARTINEZ )
7109 Lansdale St. )
District Heights, Maryland 20747 )
On behalf of himself and all others )
similarly situated )
)
OSCAR RODRIGUEZ )       Case No.
9710 Dalmatia Ct. )
Clinton, MD 20735 )       Collective Action, Class Action and
On behalf of himself and all others )       Individual Complaints
similarly situated )
)       Jury Trial Demanded
MILTON DAVID ALFARO )
1263 Potomac Vista Drive, #303 )
Woodbridge, VA 22191 )
)
JOSE FRANCISCO CANIZALEZ )
2003 Gaylord Dr. )
Suitland, MD 20746 )
)
JOSE ARTURO RUIZ )
6004 Walton Ave. )
Suitland, MD 20746 )
)
LUIS MARTIN VAIRES )
1263 Potomac Vista Drive, #303 )
Woodbridge, VA 22191 )
)
Plaintiffs, )
)
v. )
)
NASTOS CONSTRUCTION, INC. )
1421 Kenilworth Ave. NE )
Washington, DC 20019 )
)

**FILED**

OCT - 2 2009

Clerk, U.S. District and
Bankruptcy Courts

Case: 1:09-cv-01888
Assigned To : Walton, Reggie B.
Assign. Date : 10/2/2009
Description: Labor-ERISA

1

MANUEL SANTOS             )

RAY AMIRIAN               )

AMPORN GALLOWAY       )

FRANCISCO RIVERA         )

        Defendants.        )

                                )

## COLLECTIVE ACTION, CLASS ACTION AND INDIVIDUAL COMPLAINTS

Plaintiffs Jose Alberto Claros, Nelson Martinez, and Oscar Rodriguez (hereinafter, "Class Representatives") through their undersigned attorneys, bring this Collective Action and Class Action Complaint against defendants Nastos Construction, Inc., Manuel Santos, Ray Amirian, Amporn Galloway, and Francisco Rivera (hereinafter, "Defendants"). Additionally, Plaintiffs Jose Alberto Claros, Nelson Martinez, Oscar Rodriguez, Milton David Alfaro, Jose Francisco Canizalez, Jose Arturo Ruiz, and Luis Martin Vaires (hereinafter, "Named Plaintiffs"), bring individual complaints against Defendants. Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.     Class Representatives, together with members of similarly situated Classes (collectively, "Class Members"), were employed by Defendants as non-exempt employees and bring this action against Defendants for engaging in systematic wage payment violations against individuals who performed work on behalf of Defendants in Maryland, Virginia, West Virginia and the District of Columbia. Defendants failed to pay "time and one-half" to Class Members for every hour worked in excess of forty hours in any given workweek (hereinafter "Unpaid Overtime Class Members"), and made unlawful deductions from Class Members' wages (hereinafter "Unlawful Deductions Class Members"). Defendants also failed to pay Named Plaintiffs wages for every hour worked.

2.      As a result of Defendants' systematic failure to pay Named Plaintiffs and Class

Members all wages due to them for work performed in the Washington, DC metropolitan area,

Defendants have violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the

D.C. Payment and Collection of Wages Law, D.C. Code Ann. §32-1301, *et seq.* ("DCPCWL"),

and District of Columbia common law.

## THE PARTIES

3.      Plaintiff Jose Alberto Claros resides in the State of Maryland.  Mr. Claros was

employed by Defendants from 1998 until approximately May 1, 2009.  He was initially paid as

an hourly-paid employee, but was switched to a salaried employee in the same year he was hired.

He remained a salaried employee until approximately February 2009 when he was switched to an

hourly-paid employee.  Mr. Claros was re-hired by Defendants as an hourly-paid employee in

July 2009 and is currently employed by Defendants.  During his current and previous

employment for Defendants, Mr. Claros has been assigned to various project sites throughout

Maryland, Virginia, West Virginia and Washington, D.C. as a machine operator, concrete

finisher, laborer and foreman.

4.      Plaintiff Nelson Martinez resides in the State of Maryland.  Mr. Martinez was

employed by Defendants from approximately February 20, 2000 to March 13, 2009 as an hourly-

paid employee.  Mr. Martinez was re-hired by Defendants as an hourly-paid employee in July

2009 and is currently employed by Defendants.  During his current and previous employment for

Defendants, Mr. Martinez has been assigned to various project sites throughout Maryland,

Virginia and Washington, D.C. as a laborer and foreman.

5.      Plaintiff Oscar Rodriguez resides in the State of Maryland.  Mr. Rodriguez was

employed by Defendants from approximately June 1995 until approximately May 1, 2009.  He

was initially paid as a salaried employee, but was switched to an hourly-paid employee in 2007.

Mr. Rodriguez was re-hired by Defendants as an hourly-paid employee in June 2009.  During his

current and previous employment for Defendants, Mr. Rodriguez has been assigned to various

project sites throughout Maryland, Virginia, West Virginia and Washington, D.C. as a laborer,

bricklayer and foreman.

      6.    Plaintiff Milton David Alfaro resides in the State of Virginia.  Mr. Alfaro was

employed by Defendants from November 2004 until June 2008 as an hourly-paid employee, and

was assigned to various project sites throughout Maryland, Virginia and Washington, D.C. as an

electrician, laborer and foreman.

      7.    Plaintiff Jose Francisco Canizalez resides in the State of Maryland.  Mr. Canizalez

was employed by Defendants from November 2000 until approximately March 20, 2009.  He

was initially paid as an hourly-paid employee, was switched to a salaried employee in 2005, and

returned to working as an hourly-paid employee in 2007.  During his employment for

Defendants, Mr. Canizalez was assigned to various project sites throughout Maryland, Virginia

and Washington, D.C. as a laborer and foreman.

      8.    Plaintiff Jose Arturo Ruiz resides in the State of Maryland.  Mr. Ruiz was

employed by Defendants from approximately July 1995 until approximately March 5, 2009 as an

hourly-paid employee, with the exception of approximately one year when Mr. Ruiz was

switched to a salaried employee.  Mr. Ruiz was re-hired by Defendants as an hourly-paid

employee on September 9, 2009.  During his current and previous employment for Defendants,

Mr. Ruiz has been assigned to various project sites throughout Maryland, Virginia, West

Virginia and Washington, D.C. as a laborer and machine operator.

9.     Plaintiff Luis Martin Vaires resides in the State of Virginia.  Mr. Vaires was employed by Defendants from 2003 until early March 2009 as an hourly-paid employee, with the exception of approximately two years when Mr. Vaires was switched to a salaried employee. During his employment for Defendants, Mr. Vaires was assigned to various project sites throughout Maryland, Virginia, West Virginia and Washington, D.C. as a welder and laborer.

10.     Defendant Nastos Construction, Inc. ("Nastos" or "the Company") is a District of Columbia corporation, organized under the laws of the District of Columbia, with its principal place of business in the District of Columbia.

11.     Nastos is an enterprise engaged in interstate commerce within the meaning of the FLSA, and was and/or is the employer of Named Plaintiffs and Class Members within the meaning of the FLSA and the DCPCWL.

12.     Defendant Manuel Santos resides in the State of Maryland.  He is, upon information and belief, a shareholder and an officer of Nastos, currently serving as President of Nastos.  During all relevant time periods, Mr. Santos has exerted a substantial amount of control over significant aspects of Nastos's day-to-day operations in the District of Columbia and is an employer of Named Plaintiffs and Class Members within the meaning of the FLSA and the DCPCWL.

13.     Defendant Ray Amirian resides in the State of Maryland.  He is, upon information and belief, a shareholder and an officer of Nastos, currently serving as Vice-President of Nastos. During all relevant time periods, Mr. Amirian has exerted a substantial amount of control over significant aspects of Nastos's day-to-day operations in the District of Columbia and is an employer of Named Plaintiffs and Class Members within the meaning of the FLSA and the DCPCWL.

14.     Defendant Amporn Galloway resides in the State of Maryland.  She is, upon information and belief, a shareholder and an officer of Nastos, currently serving as Chief Financial Officer of Nastos.  During all relevant time periods, Ms. Galloway has exerted a substantial amount of control over significant aspects of Nastos's day-to-day operations in the District of Columbia and is an employer of Named Plaintiffs and Class Members within the meaning of the FLSA and the DCPCWL.

15.     Defendant Francisco Rivera resides in the State of Maryland.  He is, upon information and belief, a manager and supervisor at Nastos.  During all relevant time periods, Mr. Rivera has exerted a substantial amount of control over significant aspects of Nastos's day-to-day operations in the District of Columbia and is an employer of Named Plaintiffs and Class Members within the meaning of the FLSA and the DCPCWL.

16.     The unlawful acts charged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

## JURISDICTION AND VENUE

17.     This court has subject matter jurisdiction over the First Claim for Relief pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337 because this action arises under the laws of the United States and the Acts of Congress regulating commerce.

18.     Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over all District of Columbia claims alleged herein because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

19.     This Court has personal jurisdiction over all Defendants hereto because Defendant Nastos is a District of Columbia corporation organized under the laws of the District of Columbia and the individual Defendants all transacted or continue transacting business in the District of Columbia.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the District of Columbia.  Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## UNPAID OVERTIME CLASS, UNLAWFUL DEDUCTIONS CLASS AND INDIVIDUAL COMPLAINTS

21.     This action is brought as a collective action pursuant to 29 U.S.C. § 216(b), by Plaintiffs Claros, Martinez and Rodriguez on behalf of themselves and all other persons who are or have been employed by Nastos as non-exempt, hourly-paid or salaried employees at any time between October 2, 2006 and the date of the final disposition of this action (the "Class Period"), who were not paid at "time and one-half" for every hour worked in excess of 40 hours in a given workweek, to recover overtime compensation, liquidated damages, interest, and attorneys' fees and costs for Defendants' willful statutory violations.  These individuals are referred to jointly as the "Unpaid Overtime Class Members."

22.     This action is also brought as a class action pursuant to Fed. R. Civ. P. 23 by Plaintiffs Claros, Martinez and Rodriguez on behalf of themselves and all other persons who are or have been employed by Nastos as non-exempt, hourly-paid or salaried employees at any time during the Class Period to recover unlawful deductions, treble damages, and attorneys' fees and costs.  These individuals will be referred to jointly as the "Unlawful Deductions Class Members."

23.     In addition, individual claims are brought pursuant to 29 U.S.C. § 216(b) and the DCPCWL, §32-1301, *et seq.*, by Named Plaintiffs for Defendants' failure to pay them for time spent at the Company's shop in the morning before traveling to their assigned job sites and in the afternoon after leaving their respective job sites ("shop time"). Additionally, Named Plaintiffs bring individual claims pursuant to 29 U.S.C. § 216(b) and the DCPCWL, §32-1301, *et seq.*, for Defendants' failure to pay them for time spent traveling between the Company's shop and their respective project sites ("travel time"). Defendants maintained a policy of only compensating Named Plaintiffs for the amount of time they worked at their respective job sites. Pursuant to this policy, Named Plaintiffs were not compensated for "shop time" or "travel time" despite (1) being required by Defendants to arrive at the Company's shop before traveling to their assigned job sites in order to wait for and receive assignments, gather necessary tools, equipment and/or construction materials for their respective projects either at the Company's shop or at third party suppliers, and load those tools and materials onto Defendants' vehicles for transport to their assigned job sites; and (2) being required to return to the Company's shop after leaving their respective job sites to unload and store tools, equipment and construction materials at the Company's shop.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

24.     Nastos is in the business of providing construction services to commercial, residential, governmental and institutional properties in the District of Columbia, Maryland, West Virginia and Virginia.

25.     Defendants offered Named Plaintiffs and Class Members hourly-paid and/or salaried employment, which they accepted, thereby entering into an employment relationship.

26.     Upon information and belief, Nastos has, during the Class Period, employed 250 hourly-paid or salaried employees, who were assigned to various project sites throughout the District of Columbia, Maryland, West Virginia and Virginia.

27.     Defendants authorized, assented to, or were aware of the work performed by Named Plaintiffs and Class Members for the benefit of Defendants.

28.     Named Plaintiffs and Class Members were assigned to work at particular job sites by Defendants.  When compensation was paid to Named Plaintiffs, it was done by means of checks reflecting "Nastos, Inc." as the drawer of the check.

### UNPAID OVERTIME ALLEGATIONS
### (ON BEHALF OF THE UNPAID OVERTIME CLASS)

29.     Defendants routinely required Class Representatives and Unpaid Overtime Class Members to work in excess of forty (40) hours in one workweek.

30.     Defendants had a legal obligation to pay their hourly-paid and salaried employees time-and-one-half their regular hourly rate of pay for every hour worked in excess of forty (40) hours each workweek.

31.     Despite Defendants' obligations under relevant wage and hour laws, Defendants intentionally created and implemented a system through which they denied Class Representatives and Unpaid Overtime Class Members one-and-one half times their regular hourly rate of pay for every hour worked in excess of forty hours during each workweek.

32.     Upon information and belief, Defendants' scheme to deny payment of overtime wages took the following forms:

   a) Defendants failed to pay overtime wages to salaried employees for any hours worked in excess of forty (40) hours weekly.  For example, from 1997 to 2007, Mr. Rodriguez was paid a weekly salary based on a flat hourly rate multiplied by 40

hours each week.  Although his salary was computed based on an assumed 40 hour

work week, Mr. Rodriguez was required to work and did work in excess of 40 hours

during certain weeks throughout this period.  Mr. Rodriguez was not paid time and

one half his regular hourly rate for the hours he worked in excess of 40 hours a week.

Similarly, from 1998 to February 2009, Mr. Claros was paid a salary based on a flat

hourly rate multiplied by 40 hours a week.  Like Mr. Rodriguez, when Mr. Claros

was required to work and did work more than 40 hours in certain weeks throughout

this period, he did not receive overtime compensation at the rate of time and one half

his regular hourly rate for the hours he worked in excess of 40 hours a week.

b) <u>Defendants failed to pay overtime wages to hourly-paid employees for every hour</u>

<u>worked in excess of forty (40) hours weekly.</u>  For example, both Mr. Martinez and

Mr. Rodriguez worked more than 40 hours per work as hourly-paid employees

during certain weeks in the Class Period, but neither were paid time and one half

their regular hourly rates for all of the hours they worked in excess of 40 hours a

week.

33.     Defendants' compensation policies set forth above constitute willful, knowing,

and intentional violations of the FLSA.

34.     Defendants authorized, assented to, or were aware of these violations and the

work performed by Class Representatives and Unpaid Overtime Class Members.

35.     The collective action that Class Representatives propose to maintain under the

Fair Labor Standards Act, 29 U.S.C. § 216(b), includes all Unpaid Overtime Class Members, i.e.,

all similarly situated individuals who are or have been employed by Defendants as non-exempt,

hourly-paid or salaried employees who were not paid time and one-half their regular hourly rate for every hour over forty (40) they worked in any given workweek during the Class Period.

36.     During the Class Period, the duties and responsibilities of the jobs held by Unpaid Overtime Class Members were the same or substantially similar to the duties and responsibilities of the jobs held by Class Representatives.

37.     During the Class Period, the harms suffered by Unpaid Overtime Class Members were the same or substantially similar to those suffered by Class Representatives, in that Class Representatives and Unpaid Overtime Class Members are and were subject to the unlawful compensation policies and practices as described in this Complaint.

38.     Accordingly, all members of the proposed collective action are "similarly situated" within the meaning of 29 U.S.C. § 216(b), and are therefore entitled to proceed on a collective basis.

39.     Annexed hereto as Attachments 1-3 are written consents to the filing of this Complaint, duly executed by the Class Representatives pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS
## (ON BEHALF OF THE UNLAWFUL DEDUCTIONS CLASS)

40.     Throughout the Class Period, Defendants routinely made unlawful deductions from Class Representatives and Unlawful Deductions Class Members' paychecks, purportedly for tax withholding and other purposes, that on information and belief, were not in fact withheld for that purpose.

41.     Defendants' unlawful deductions constitute willful, knowing, and intentional violations of the DCPCWL.

42.     Defendants authorized, assented to, or were aware of these violations.

43.     The class action that Class Representatives propose to maintain under District of Columbia law is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

44.     Upon information and belief, there are at least 250 present and former employees in the Unlawful Deductions Class.

45.     Unlawful Deductions Class Members are so numerous that joinder of all members is impracticable.

46.     The duties and responsibilities of the jobs held by Unlawful Deductions Class Members were the same as or substantially similar to the duties and responsibilities of the Class Representatives.

47.     Class Representatives' claims are typical of the claims of Unlawful Deductions Class Members because they are or were subject to the same unlawful deductions as described in this Complaint.

48.     Class Representatives are adequate representatives of the Unlawful Deductions Class because they and Unlawful Deductions Class Members are or were subject to, and damaged by, the same unlawful deduction practices as described in this Complaint.

49.     Class Representatives and Unlawful Deductions Class Members each challenge the legality of the policies and practices as described in this Complaint.  By advancing their own claims, Class Representatives will necessarily advance the claims of Unlawful Deductions Class Members.

50.     Class Representatives will have no conflict with any Unlawful Deductions Class Members and are willing to serve in this representative role.

51.     Class Representatives have retained counsel that are competent and experienced in class action litigation and who will adequately represent the Unlawful Deductions Class.

52.     Questions of fact and law common to all Unlawful Deductions Class Members will predominate over any question solely affecting individual Unlawful Deductions Class Members.  Among common questions are:

    a.   Whether the unlawful policies and practices set forth in this Complaint took place as alleged; and

    b.   Whether Class Representatives and Unlawful Deductions Class Members are entitled to relief as requested in this Complaint.

53.     Because Class Representatives and Unlawful Deductions Class Members suffered the same harms and challenge the same unlawful deductions practices described in this Complaint, a class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously and efficiently, without the duplication of effort and expense and the risk of inconsistent or varying adjudications presented by numerous individuals.

54.     No difficulties are likely to be encountered in the management of this class action, and the identity of the Unlawful Deductions Class should be readily available from Defendants' records.

## INDIVIDUAL ALLEGATIONS

55.     Defendants maintained policies and practices that failed to count all of their employee's work time as compensable work time and thus failed to compensate Named Plaintiffs for every hour they worked.  These policies and practices included the following:

a.  Defendants maintained a policy of not compensating Named Plaintiffs for "shop time" at the Company's shop or "travel" time between the Company's shop and their respective project sites.  During the Class Period, Defendants required Named Plaintiffs to report to the Company's shop by 6:30 a.m. or earlier.  While at the office, Named Plaintiffs performed various activities that were integral and indispensable to their principal employment activities, including waiting for and receiving assignments, gathering the necessary tools, equipment and materials they would need for their respective projects, loading the tools, equipment and materials onto Defendants' vehicles, and then driving to their respective project sites, sometimes stopping at stores along the way to purchase additional tools and/or materials.  Defendants wrongly failed to count the aforementioned time as work time.

b.  Defendants also wrongly failed to pay Named Plaintiffs for their time spent traveling from their respective job sites to the office to return the tools, equipment, materials and company vehicles at the end of the work day.

56.     Defendants' compensation policies and practices set forth above constitute willful, knowing, and intentional violations of the FLSA, the DCPCWL, and also constitute violations of District of Columbia common law.

57.     Defendants authorized, assented to, or were aware of these violations and the work performed by Named Plaintiffs.

### FIRST CLAIM FOR RELIEF:  VIOLATION OF THE FLSA
### (UNPAID OVERTIME WAGES — CLASS REPRESENTATIVES AND
### UNPAID OVERTIME CLASS MEMBERS)

58.     Class Representatives and Unpaid Overtime Class Members re-allege and incorporate by reference the allegations set forth in paragraphs 24 – 39 above.

59.     Defendants violated the FLSA by knowingly failing to compensate Class Representatives and Unpaid Overtime Class Members at the rate of time and one-half their regular hourly rate for every hour worked in excess of 40 hours in any one workweek, in violation of  29 U.S.C. § 207(a)(1).

60.     Defendants' violations of the FLSA were repeated, willful, and intentional.

61.     Defendants are liable to Class Representatives and Unpaid Overtime Class Members under 29 U.S.C. § 207(a), and 216(b) of the FLSA, for, *inter alia*, their unpaid overtime compensation, liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.

### SECOND CLAIM FOR RELIEF:  VIOLATION OF THE DCPCWL
### (UNLAWFUL DEDUCTIONS — CLASS REPRESENTATIVES AND
### UNLAWFUL DEDUCTIONS CLASS MEMBERS)

62.     Class Representatives and Unlawful Deductions Class Members re-allege and incorporate by reference the allegations set forth in paragraphs 24 – 28 and 40 - 54 above.

63.     Defendants failed to timely pay Class Representatives and Unlawful Deductions Class Members their promised and required wage rate for all hours they worked, in violation of D.C. Code Ann. §32-1302.

64.    Defendants made unlawful deductions from Class Representatives' and Unlawful Deductions Class Members' earned wages and thus failed to pay Class Representatives and Unlawful Deductions Class Members their promised and required wage rate in violation of D.C. Code Ann. §32-1302.

65.    Defendants' violations were repeated, willful, and intentional.

66.    Defendants are liable to Class Representatives and Unlawful Deductions Class Members, under D.C. Code Ann. §32-1308 for their unpaid wages, interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### THIRD CLAIM FOR RELIEF: VIOLATION OF THE DCPCWL
### (UNPAID WAGES -- NAMED PLAINTIFFS)

67.    Named Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 24 – 28 and 55 - 57 above.

68.    Defendants failed to timely pay Named Plaintiffs their promised and required wage rate for all hours they worked, in violation of D.C. Code Ann. §32-1302.

69.    Defendants' violations were repeated, willful, and intentional.

70.    Defendants are liable to Named Plaintiffs under D.C. Code Ann. §32-1308, for their unpaid wages, interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### FOURTH CLAIM FOR RELIEF: VIOLATION OF THE FLSA
### (UNPAID OVERTIME WAGES FOR SHOP AND TRAVEL TIME - NAMED
### PLAINTIFFS

71.    Named Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 24 – 28 and 55 - 57 above.

72.    Defendants violated the FLSA by knowingly failing to compensate Named Plaintiffs at the rate of time and one-half their regular hourly rate for every hour of shop time and

travel time worked in excess of 40 hours in any one workweek, in violation of 29 U.S.C. § 207(a)(1).

73.     Defendants' violations were repeated, willful, and intentional.

74.     Defendants are liable to Named Plaintiffs under 29 U.S.C. § 207(a), and 216(b) of the FLSA, for, *inter alia*, their unpaid overtime compensation, liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.

## FIFTH CLAIM FOR RELIEF: BREACH OF ORAL EMPLOYMENT CONTRACT
### (DISTRICT OF COLUMBIA COMMON LAW – NAMED PLAINTIFFS)

75.     Named Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

76.     Defendants entered into binding oral contracts with Named Plaintiffs for employment, imposing duties on these parties including, but not limited to, the payment of wages for every hour of work performed.

77.     Named Plaintiffs performed under the oral contracts by executing their work duties for as long as they were permitted to do so.

78.     Defendants failed to perform their duties with respect to the payment of wages and thus breached their contracts with Named Plaintiffs.

79.     By reason of Defendants' breach, Named Plaintiffs suffered economic harm and are entitled to the payment of wages due, prejudgment interest, and other compensation and damages that Named Plaintiffs would have received but for Defendants' breach of contract.

## SIXTH CLAIM FOR RELIEF: UNJUST ENRICHMENT/QUANTUM MERUIT
### (DISTRICT OF COLUMBIA COMMON LAW - NAMED PLAINTIFFS)

80.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

81.     By performing all services at the direction of the Defendants without receiving all compensation to which they were entitled under law, Named Plaintiffs allege that they conferred substantial benefits upon the Company.

82.     The Company appreciated and was aware of these benefits.  Upon information and belief, the Company received valuable compensation for the work performed by Named Plaintiffs.

83.     The Company accepted and retained the benefits of the work performed by Named Plaintiffs.

84.     The hours that Named Plaintiffs worked and for which they were not properly compensated were performed at the direction and behest of Defendants or those authorized to act on behalf of Defendants.  Named Plaintiffs and did not perform this work gratuitously, but rather with the expectation of being lawfully compensated.

85.     Under these circumstances, it is inequitable for the Company to accept or retain the benefits of the work performed by Named Plaintiffs without making full payment for its value.

## **PRAYER FOR RELIEF**

WHEREFORE, Class Representatives, on behalf of themselves and members of the Unpaid Overtime Class and the Unlawful Deductions Class, and Named Plaintiffs, respectfully request that the Court:

A.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide to Class Representatives and Unpaid Overtime Class Members a list of all persons employed by them as hourly and salaried employees during the Class Period, including the last known address and telephone number of each

such person, so that Class Representatives can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.      Determine the damages sustained by the Class Representatives and the Unpaid Overtime Class Members during the Class Period as a result of Defendants' willful and intentional violations of 29 U.S.C. §207(a), and award such back pay and unpaid overtime wages against Defendants in favor of Class Representatives and all members of the Unpaid Overtime Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment interest as may be allowed by law;

C.      Declare this Action to be maintainable as a Class Action as to the claims brought under District of Columbia law pursuant to Fed. R. Civ. P. 23;

D.      Determine the damages sustained by Class Representatives and Unlawful Deductions Class Members during the Class Period as a result of Defendants' willful and intentional violations of the DCPCWL, and District of Columbia common law, and award all appropriate damages resulting therefrom to Class Representatives and the members of the Unlawful Deductions Class pursuant to D.C. Code Ann. §32-1308;

E.      Declare this Action to be maintainable as to the claims brought by Named Plaintiffs under the FLSA and the DCPCWL;

F.      Determine the damages sustained by Named Plaintiffs during the Class Period as a result of Defendants' willful and intentional violations of the FLSA and the DCPCWL, and award all appropriate damages resulting therefrom to Named Plaintiffs pursuant to 29 U.S.C. §216(b) and D.C. Code Ann. §32-1308;

G.      Award Named Plaintiffs and all Class Members their costs and disbursements of

this suit, including, without limitation, reasonable attorneys' fees, accountants' fees,

investigators' fees, experts' fees, and other associated costs; and

H.      Grant Named Plaintiffs and all Class Members such other and further relief as this

Court may deem just and proper.

PLAINTIFFS AND ALL CLASS MEMBERS DEMAND A TRIAL BY JURY ON ALL
CLAIMS SO TRIABLE.


Dated:      October 2, 2009                    Respectfully Submitted,



By: _____
        *Attorneys for Plaintiffs*
David F. Williams (D.C. Bar #298380)
david.williams@cwt.com
Zachary D. Hornsby (D.C. Bar #481841)
(Application for Admission Pending)
zach.hornsby@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Tel: (202) 862-2200
Fax: (202) 862-2400


By: _____
        *Attorneys for Plaintiffs*
Laura E. Varela (D.C. Bar #974207)
laura_varela@washlaw.org
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, NW Suite 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

De conformidad con el Título 29 del Código de los Estados Unidos, sección 216 (b), doy mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en nombre de toda persona en circunstancias parecidas.

Dated/Fechada: _9/30.09_       _Jose alberto Claros_
                                José Alberto Claros

09 1888

**FILED**

OCT - 2 2009

Clerk, U.S. District and
Bankruptcy Courts

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

De conformidad con el Título 29 del Código de los Estados Unidos, sección 216 (b), doy mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en nombre de toda persona en circunstancias parecidas.

Dated/Fechada: _09-30-09_                  _____
                                           Nelson Martínez

09 1888

FILED

OCT - 2 2009

Clerk, U.S. District and
Bankruptcy Courts

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

De conformidad con el Título 29 del Código de los Estados Unidos, sección 216 (b), doy mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en nombre de toda persona en circunstancias parecidas.

Dated/Fechada: _9 / 3 0 / 0 9_        _Oscar R Rodriquez_
                                       Óscar Rodríguez

*09 1888*

**FILED**

OCT -2 : 9

Clerk, U.S. District
Bankruptcy Courts

# CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

De conformidad con el Título 29 del Código de los Estados Unidos, sección 216 (b), doy mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en nombre de toda persona en circunstancias parecidas.

Dated/Fechada:_____       _____

José Alberto Claros

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

De conformidad con el Título 29 del Código de los Estados Unidos, sección 216 (b), doy mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en nombre de toda persona en circunstancias parecidas.

Dated/Fechada: _09- 30 · 09_          _____
                                      Nelson Martínez

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

De conformidad con el Título 29 del Código de los Estados Unidos, sección 216 (b), doy mi consentimiento de actuar como demandante en este caso, tanto en mi nombre como en nombre de toda persona en circunstancias parecidas.

Dated/Fechada:_____     _____
                                                        Óscar Rodríguez