IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jose Alberto Claros, *et al.*<br>Plaintiffs,<br><br>v.<br><br>Nastos Construction, Inc., *et al.*<br>Defendants. | Case: 1:09-cv-01888<br>Assigned to: Judge Reggie B. Walton<br>Assign Date: 10/2/2009<br>Next Event: None Scheduled<br>Description: Labor-FLSA |

## ORDER AND FINAL JUDGMENT

On the 10th day of January, 2014, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Settlement Agreement dated _____ (the "Settlement Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants in the above-captioned actions (the "Actions") now pending before this Court; and (2) whether judgment should be entered dismissing the Complaints in the Actions on the merits with prejudice in favor of Defendants and as against all persons who are members of the Settlement Class herein who have not requested exclusion therefrom. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons who were employed by Nastos Construction, Inc. to perform labor, skilled or unskilled, at any time between October 2, 2006 and the date of preliminary approval of the Settlement, in a position other than project manager or fleet manager, or office/administrative staff, and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and expenses as delineated in the Settlement Agreement, and all

capitalized terms used herein having the meanings as set forth in and defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Actions, the Class Representatives, all Settlement Class members, and Defendants.

2. The Court finds that, for the purposes of settlement, the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact in common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action. The class is defined as: "All persons who were employed by Nastos Construction, Inc. to perform labor, skilled or unskilled, at any time between October 2, 2006 and the date of preliminary approval of the settlement set forth herein, in a position other than project manager or fleet manager, or office/administrative staff." All Class members who did not timely request exclusion from the Class are eligible to receive an Individual Settlement Award in accordance with the terms of the Settlement Agreement. Excluded from the Settlement Class are any putative Settlement Class members who excluded themselves by timely filing a request for

exclusion in accordance with the requirements set forth in the Notice. Jyselly Ortiz and Gabriel Santos shall receive amounts in settlement of their unlawful deduction claims but are not Settlement Class members.

3. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and any other applicable law, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

4. The Settlement consideration paid by Defendants is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

5. The Complaints in the Actions, which the Court finds were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, are hereby dismissed with prejudice and without costs, except as provided in the Settlement Agreement, as against Defendants.

6. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Specifically, all Settlement Class members who did not timely exclude themselves from the Settlement Class hereby, as of the date this Order is entered, release all Defendants (and their representatives, agents, employees, officers, executives, directors, benefits plan administrators and fiduciaries, insurers, reinsurers, subsidiaries, affiliates, predecessors, successors, spouses, heirs, family members, counsel, and assigns of each) from any Fair Labor Standards Act and

District of Columbia wage-related claims that have been or could have been asserted by any class member from any time through the date the Settlement is given final approval by the Court. Additionally, all individuals who settled individual claims with Defendants as part of the Settlement of these Actions hereby, as of the date this Order is entered, release all Defendants (and their representatives, agents, employees, officers, executives, directors, benefits plan administrators and fiduciaries, insurers, reinsurers, subsidiaries, affiliates, predecessors, successors, spouses, heirs, family members, counsel, and assigns of each) from all claims that have been or could have been asserted by all Settlement Class members from any time through the date this Order is entered giving final approval to the Settlement.

7. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

8. Plaintiffs' counsel are hereby awarded the sum of $150,000 in fees and out-of-pocket expenses, which the Court finds to be fair and reasonable. The payment of that amount to Plaintiffs' counsel shall be in accordance with the terms of the Settlement Agreement.

9. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Actions, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

10. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

11.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: January 13, 2014

SO ORDERED:

_Reggie B. Walton_